**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WAYNESBOROUGH COUNTRY CLUB | : | |
| OF CHESTER COUNTY | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DIEDRICH NILES BOLTON ARCHITECTS, | : | |
| INC., NILES BOLTON ASSOCIATES, INC., | : | |
| A. RAY DOUGLAS, JR., | : | CIVIL ACTION |
| Defendants | : | |
| | : | |
| and | : | |
| | : | NO. 07-155 |
| DIEDRICH NILES BOLTON ARCHITECTS, | : | |
| INC., NILES BOLTON ASSOCIATES, INC., | : | |
| A. RAY DOUGLAS, JR., | : | |
| Third-Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| EHRET CONSTRUCTION COMPANY, INC. | : | |
| Third-Party Defendant. | : | |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                    OCTOBER 24, 2011

When Waynesborough Country Club determined that the renovation of its clubhouse had

resulted in significant water leakage, the country club sued its architects, Diedrich Niles Bolton

Architects, Inc., Niles Bolton Associates, Inc., and A. Ray Douglas Jr. (collectively "DNB") for

breach of contract and professional negligence.  DNB promptly filed a third party complaint

against the general contractor on the project, Ehret Construction Company ("Ehret") seeking

-1-

indemnification and contribution in the event it is found liable to the country club.  Ehret

Construction Company moved to dismiss DNB's third party complaint.

On March 11, 2008, this Court granted Ehret's motion to dismiss in part, and denied it in

part, allowing DNB to pursue indemnity and contribution from Ehret only for property damage.

Now, in its Motion for Partial Summary Judgment (Doc. No. 53), Ehret asks the Court for what

may best be described as a "mulligan."[1]  In spite of the significant factual issues left to be

resolved relating to the damages Waynesborough is actually seeking in this litigation, Ehret

requests that the Court interpret its 2008 decision as placing a hard cap on the amount of

damages DNB is entitled to recoup from Ehret in the event it is found liable.

For the following reasons, the Court will deny Ehret's motion for partial summary

judgment.


I.       FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the design and construction of a major renovation to the clubhouse

at Waynesborough Country Club in Chester County, PA.  Waynesborough hired DNB to design,

and Ehret to construct, the new building.  Shortly after Ehret finished construction of the

building, water leaks allegedly developed throughout the structure, causing ongoing damage to

the interior and exterior of the clubhouse.

On January 12, 2007, Waynesborough filed a complaint against DNB seeking economic

and property damages for professional negligence and breach of contract as a result of alleged

---

[1] The term "mulligan" in golf parlance means a "do over," or, as Oxford English
Dictionary defines it, "an extra stroke awarded after a poor shot, not counted on the score card."
Shorter Oxford English Dictionary 1861 (6th ed. 2007).

flaws in DNB's design, and DNB's supposed failure to properly oversee the construction

process.  Shortly thereafter, on March 30, 2007, DNB filed a third-party complaint against Ehret

seeking indemnity and contribution to the extent DNB is found liable to Waynesborough.  DNB

claims that any damages sustained by Waynesborough were the result of Ehret's negligence and

breach of its construction contract with the country club.

In a Ehret promptly filed a motion to dismiss DNB's third-party complaint, arguing (1) DNB

could not seek contractual indemnity from Ehret because DNB was not a third-party beneficiary

to Ehret's contract with Waynesborough, (2) DNB could not seek common law indemnity under

the economic loss doctrine, and (3) DNB failed to demonstrate it was then entitled to assert a

claim for contribution.

In a March 11, 2008 Memorandum and Order, the Court granted in part and denied in

part Ehret's motion to dismiss DNB's third-party complaint.  <u>Waynesborough Country Club of</u>

<u>Chester Cty. v. Diedrich Niles Bolton Architects, Inc.</u>, No. 07-155, 2008 WL 687485 (E.D. Pa.

Mar. 11, 2008).  The Court stated in its decision that although DNB may not assert

indemnification or contribution claims against Ehret for economic damages, it would be

permitted bring claims against Ehren for contractual indemnity and contribution for property

damage unrelated to the clubhouse project itself, and common law indemnity and contribution

for property damage resulting from Ehret's alleged negligence.  <u>Id</u>. at *8.

In its motion presently before the Court (Doc. No. 53), Ehret seeks a judgment that

pursuant to the Court's March 11, 2008 Memorandum and Order, Ehret's potential liability to

DNB is limited to no more than $48,868.24 in property damage or Waynesborough's

"miscellaneous expenses attributable to water clean up."  In its response (Doc. No. 70), DNB

disputes Ehret's characterization of the Court's March 2008 Opinion, as well as the damage

dollar amount limitation alleged by Ehret.

On March 12, 2009, at the request of the parties, this Court ordered this case placed into

suspense to permit the parties to pursue private mediation.  Accordingly, the Court terminated the

original Motion of Ehret for Partial Summary Judgment (Doc. No. 72).  In October 2010, with

the motion reinstated, the parties submitted supplemental briefing (Doc Nos. 89 and 90) on this

motion with respect to whether Ehret's motion constituted a request for an advisory opinion.

Then, in July 2011, after the Court's May 17, 2011 Opinion denying Waynesborough's motion to

amend its complaint,[2] the parties filed further supplemental briefing (Doc. Nos. 96 and 97) on the

summary judgment motion.

The Court now decides Ehret's motion.


## II.     LEGAL STANDARD

Upon the motion of a party, summary judgment is appropriate if, "citing to particular

parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations, . . .  admissions, interrogatory answers, or

other materials," the moving party persuades the district court that "there exists no genuine issue

of material fact that would permit a reasonable jury to find for the nonmoving party."  FED. R.

CIV. P. 56(c); Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988).  An issue is "genuine" if a

---

[2] After almost two years of discovery and other pre-trial activity, Waynesborough sought leave to amend
its complaint to assert claims against Ehret for breach of contract, negligence, gross negligence, and
fraud.  The Court denied Waynesborough's motion to amend its complaint as futile because a valid
arbitration agreement exists between Waynesborough and Ehret encompassing the proposed claims
within its scope.  See Waynesborough Country Club of Chester Cty. v. Diedrich Niles Bolton Architects,
Inc., No. 07-155, 2011 WL 1873094, at *1 (E.D. Pa. May 17, 2011).

reasonable jury could possibly hold in the non-movant's favor with regard to that issue.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if its

resolution could affect the result of the suit under governing law.  Id.

In evaluating a summary judgment motion, the court "must view the facts in the light

most favorable to the non-moving party," and make every reasonable inference in that party's

favor.  Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).  If, after making all

reasonable inferences in favor of the non-moving party, the court determines that there is no

genuine issue of material fact, summary judgment is appropriate.  Celotex Corp. v. Catrett, 477

U.S. 217, 322 (1986); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).


### III.     DISCUSSION

In its Motion for Partial Summary Judgment (Doc. No. 53), now before the Court, Ehret

seeks to leverage the outcome of the Court's March 11, 2008 Memorandum and Opinion

granting in part and denying in part its Motion to Dismiss.  Specifically, Ehret requests a

judgment further limiting the recovery available to DNB in its third-party complaint to, at most,

damage to Waynesborough's tangible property other than the clubhouse.  DNB responds that

Waynesborough's motion amounts to a request for an advisory opinion, in that it asks the Court

to prematurely decide rights between the parties which are dependent upon evolving factual

issues.  For the reasons that follow, the Court agrees with the upshot of DNB's opposition to the

Motion and must deny the Motion of Ehret for Partial Summary Judgment.

Article III, Section 2 of the United States Constitution confines the jurisdiction of the

federal courts to actual cases and controversies.  U.S. Const. Art. III § 2, cl. 1; Travelers Ins. Co.

v. Obusek, 72 F.3d 1148, 1153 (3d Cir.1995).  Pursuant to this provision, the federal courts are

prohibited from issuing advisory opinions.  Rhone-Poulenc Surftants & Specialties, L.P. v.

I.R.S., 249 F.3d 175, 181-82 (3d Cir. 2001) (citation omitted).  Indeed, "[t]he oldest and most

consistent thread in the federal law of justiciability is that federal courts will not give advisory

opinions,"  Coffin v. Malvern Fed. Sav. Bank, 90 F.3d 851, 853 (3d Cir. 1996) (citation omitted),

and that they must refrain from "decid[ing] abstract, hypothetical or contingent questions."

Alabama State Fed. of Labor v. McAdory, 325 U.S. 450, 461 (1945).

Closely related to the prohibition on the issuance of advisory opinions is the ripeness

doctrine.  Like the prohibition on advisory opinions, the ripeness doctrine prevents courts from

"entangling themselves in abstract disagreements" through abstention from making premature

adjudication.  Abbott Lab. v. Gardner, 387 U.S. 136, 148 (1967), overturned on other grounds by,

Califano v. Sanders, 430 U.S. 99 (1977); Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of

Operating Engineers, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009).  One of the basic

principles governing whether a justiciable controversy exists is that the rendering of an opinion

must be conclusive of an issue.  See Step-Saver Data Sys. v. Wyse Technology, 912 F.2d 643 (3d

Cir. 1990); see also Coffin, 90 F.3d at 853-54 (utilizing the ripeness inquiry generally applicable

to declaratory judgment actions because the motion to reconsider lien avoidance before the court

was analogous to one seeking a declaration of rights).  Essential to the conclusiveness inquiry is

whether the Court has been "presented with a set of facts from which it can make findings."

Travelers, 72 F.3d at 1155.  Absent the necessary facts, the Court is unable to engage in its

required fact-finding role, and is instead left to render only an advisory opinion.  Id.

Ehret's motion, though couched as a motion for partial summary judgment, in reality, asks this Court to interpret (or, perhaps, reconsider) its prior ruling on Ehret's motion to dismiss in such a manner as to foreclose the possibility of Ehret being exposed to liability for damages in excess of what it asserts is Waynesborough's present amount of property damages. However, the relief Ehret seeks is purely contingent, and depends entirely upon facts that are far from settled and continually changing. Specifically, Ehret's motion is based on the problematic and speculative assertion that Waynesborough's damages will not increase between the day of this Court's decision and the day upon which the jury reaches its verdict. However, the Court declines to render such a decision at this point in the proceedings.

As DNB has explained at length in its supplemental briefing, significant factual issues exist with respect to what damages Waynesborough seeks and the proper allocation of fault between Ehret and DNB. The full measure of Waynesborough's claims and damages has yet to be established. In fact, based only upon a passing acknowledgment of the papers that continue to flood the docket in this case, Waynesborough's damages calculation continues to increase as more remedial work is undertaken at the country club. At least until the repairs are completed, there exists a substantial possibility that additional property damage attributable to DNB and/or Ehret will be realized. It would be wholly impractical for the Court to impose a hard limit on the damages Ehret may be required to pay as a matter of law because any decision by the Court at this juncture would be based on a hypothetical set of facts and unresolved contingencies.

Accordingly, the Court concludes it must refrain from deciding the issue posed in the Motion of Ehret for Partial Summary Judgment until it is determined that DNB's liability and

Waynesborough's damages have been conclusively established.  Until such time, any decision by

the Court on this issue would constitute an impermissible advisory opinion.

**IV.     CONCLUSION**

Because the United States Constitution forbids federal courts from issuing advisory

opinions, the Court must deny third-party defendant Ehret Construction Company's Motion for

Partial Summary Judgment.

An appropriate order consistent with this Memorandum follows.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE